United States Court of Appeals
For The Second CIrcuit
Court Clerk
40 Foley Square
New York, N.Y.  10007

RECEIVED
2015 NOV 20  PM 3: 09
U.S. COURT OF APPEALS
SECOND CIRCUIT

[November 16, 2015]

Re: <u>Vondette v. U.S.; Action Under 28 U.S.C. §2106</u>
[D.Ct.#97-cr-1010(EDNY)]

Dear Court Clerk,

    Please find the following enclosed documents:

1. Two(2) MOTION INFORMATION STATEMENT(S) -- one for each motion.

2. MOTION UNDER 28 U.S.C. §2106 "DETERMINATION"  <u>or</u> (if deemed nec-
   essary by the Court) an INTERLOCUTORY APPEAL UNDER 28 U.S.C. §
   1292.                        [with EXHIBITS]

   MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS WITH INCORPORATED
   AFFIDAVIT IN SUPPORT THEREOF.

3. CERTIFICATE OF SERVICE.

    Kindly date-stamp as docketed pursuant to the Court's Rules
at your first convenience.

    Further note that **this action** IS <u>NO LONGER A MANDAMUS PETITION</u>;
and has nothing more to do with any such petition or action under
that statute.

    This action is respectfully submitted, if necessary, <u>in forma
pauperis</u> pursuant to Rule 24(a)(3) "Prior Approval" [Fed.R.App.P.];
if required under 28 U.S.C. §2106.  And the Movant notes and invokes
Rule 25(a)(4) [Fed.R.App.P.].  See also, e.g., Supreme Court Rule
39.2.

    Thank you for your time and consideration in this matter.

                            Respectfully submitted,

                            Michael Vondette
                            Movant pro se
                            FCI-Med.; #50936198
                            3901 Klein Blvd.
                            Lompoc, CA  93436

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): _____[D.Ct.#97-cr-1010(EDNY)]_____    Caption [use short title]

Motion for: "DETERMINATION" under 28 U.S.C. §2106 or (if

deemed necessary by the Court) an INTERLOCUTORY APPEAL    Vondette v. United STates

under 28 U.S.C. §1292

Set forth below precise, complete statement of relief sought:

Via jurisdiction determined by the Court; rule/Hold that
Judicial Notice under Rule 201(c)(2)[Fed.R.Evid.] is
proper and required in 18 U.S.C. §3582(c)(2) proceedings
[and] Movant has Equal Protection rights to a full and
proper application of Amendment 591 of the U.S.S.Guide-
lines.

MOVING PARTY: Michael Vondette                OPPOSING PARTY: United States
☐ Plaintiff          ☐ Defendant
☒ Appellant/Petitioner    ☐ Appellee/Respondent

MOVING ATTORNEY: Michael Vondette, pro se      OPPOSING ATTORNEY: United States Attorney
[name of attorney, with firm, address, phone number and e-mail]

FCI-Med.; #50936198                            U.S. Courthouse

3901 Klein Blvd.                               100 Federal Plaza

Lompoc, CA 93436                               Central Islip, N.Y. 11722

Court-Judge/Agency appealed from: E.D.N.Y. (Central Islip); Judge Joseph F. Bianco; U.S.District Court

**Please check appropriate boxes:**                    **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND**
                                                        **INJUNCTIONS PENDING APPEAL:**
Has movant notified opposing counsel (required by Local Rule 27.1):    Has request for relief been made below?  ☐ Yes ☐ No
☒ Yes ☐ No (explain): _____          Has this relief been previously sought in this Court?  ☐ Yes ☐ No
                                                        Requested return date and explanation of emergency: _____
Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☒ Don't Know            _____
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know                        _____

                                                _____

Is oral argument on motion requested?  ☒ Yes ☐ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☒ No  If yes, enter date: _____

Signature of Moving Attorney:
_Michael Vondette, pro se_    Date: Nov. 16, 2015    Service by: ☐ CM/ECF  ☒ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————————————————x
MICHAEL VONDETTE,        ]
       Movant-Appellant,   ]        No.
v.                       ]        [D.Ct.#97-cr-1010(EDNY)]
                         ]
UNITED STATES OF AMERICA, ]
       Respondent-Appellee.  ]
———————————————————x


[1] MOTION UNDER 28 U.S.C. §2106 "DETERMINATION"

or (if deemed necessary by the Court)

[2] INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292.


     The Movant-Appellant, Michael Vondette, proceeding pro se in this action; and henceforth ("Movant") hereby respectfully submits the instant action in a good faith abundance of caution under the penalties of perjury pursuant to 28 U.S.C. §1746. Moreover, if deemed necessary by this Court, this action is respectfully submitted in forma pauperis pursuant to Rule 24(a)(3) "Prior Approval" [Fed.R.App.P.], as Movant's dismal financial condition has not changed [and] Movant has been granted in forma pauperis status by, inter alia, the U.S. Supreme Court, and the U.S. Second Circuit Court of Appeals. [See, Vondette at 543 U.S. 1108 (2005); Vondette at #07-cr-1919; #09-cr-1300 (2nd Cir.). See incorporated motion to proceed in forma pauperis.

## I. QUESTION(S) OF LAW FOR REVIEW

The Movant respectfully submits that substantial 'question(s) of law' warrant this Honorable Court's further review including an apparent "**issue of first impression**" for the Second Circuit.

1. **Issue Of First Impression** [Judicial Notice]:

> Whether the lower court(s) are legally obligated to take proper "Judicial Notice" of the provided "adjudicative facts" pursuant to Rule 201(c)(2) of the Federal Rules of Evidence as applied to the underlying action based on 18 U.S.C. §3582(c)(2) ?

2, **Equal Protection Clause**:

> Whether the Movant is entitled under the U.S. Constitution's Equal Protection Clause to be sentenced based upon a proper, full, and complete application of Amendment 591 to the U.S.Sentencing Guidelines including it's incumbent ex post facto analysis ?

## II. JURISDICTION

The instant action is respectfully submitted pro se pursuant to, inter alia, **Haines v. Kerner**, **404 U.S. 519, 520 (1972)**(pro se pleadings to be "liberally construed"); and as set forth in **Haines**, supra:

> ", the court will look to any rule or statute by which [Movant] would be entitled to consideration."

Id. Accordingly, in a good faith abundance of caution, the MOvant respectfully invokes this Court's jurisdiction under 28 U.S.C. §2106 "Determination" that states this Court "may affirm, modify, vacate, set aside, or reverse any judgment, decree, or order of a court lawfully brought before it for review ..." Id. 18 U.S.C. §2106 (2012). See, e.g., **United States v. Jacobson**, **15 F.3d 19, 22 (2nd Cir 1994)**.

2.

Or, as deemed by this Court, may find it's jurisdiction under 28 U.S.C. §1651(a)[All Writs Act] for a writ of mandamus to compel the lower court to fulfill it's duty to act under Rule 201(c)(2) [Fed.R.Evid.]. See, e.g., **In re W.R. Huff**, **409 F.3d at 562 (2nd Cir. 2005)**. Or, if deemed appropriate, under 28 U.S.C. §1292 "Interlocutory decisions" pursuant to, inter alia, the **Cohen** doctrine, **337 U.S. at 546 (1949)**.

### III. STATEMENT OF RELEVANT FACTS

In the interests of brevity, and for the narrow focus of this action, the Movant will respectfully set forth the relevant facts that are germane only to this action.

1. In 2002 Movant originally sentenced in E.D.N.Y. (Central Islip)[#97-cr-1010] --- however there is no evidence preserved in the record from the PSR, nor the extremely sparse sentencing transcripts that the Sentencing Court properly applied, as required, Amendment 591 [U.S.S.G.]. Moreover, the instant de facto **'life sentence'** for a non-violent Marijuana conspiracy committed in **1980** [See, EXHIBIT A] is overwhelming clear and convincing proof that the Sentencing Judge **did not** apply Amendment 591.

2. On June 25, 2015, Movant files motion(s) [See, EXHIBIT B]:
   a) Under 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10 pursuant to Amendment 591 to reduce the instant sentence.
   b) Under, inter alia, Rule 201(c)(2) of the Federal Rules of Evidence that requires the lower Court to take "judicial notice" of the adjudicative facts that were provided. [See, EXHIBIT B, at Page 3-4 "MOTION FOR JUDICIAL NOTICE"]
   c) For assignment of counsel pursuant to Rule 44 [Fed.R. Crim.P.]; and 18 U.S.C. §3006A.

3. On July 28, 2015, the lower court issued an Order that misinterprets and confuses Movant's Amendment 591 motion with a motion under Amendment 782 pursuant to 18 U.S.C. §3582(c)(2).[See, EXHIBIT C] **It is this Order that Movant contends is in error as to Amendment 591; and further errors in failing to "take" proper 'judicial notice'.**

3.

4. On August 10, 2015, Movant files motion(s):

    a) Under Rule 36 [Fed.R.Crim.P.] to correct the mistake and errors in the record pertaining to the motion filed under 18 U.S.C. §3582(c)(2) and Amendment 591.

    b) Under Rule 201(c)(2)[Fed.R.Evid.] again and Rule 36 [Fed.R.Crim.P.] to expand and correct the instant record pursuant to "judicial notice" of the provided 'adjudicative facts'.

    c) Motion to stay or hold in abeyance all proceedings until such time as the record has been corrected. [See, Dkt.]

## IV. RELIEF REQUESTED

Based upon the jurisdictional means determined by this Court, the Movant respectfully requests the following relief be granted:

1. Find that "judicial notice" of provided 'adjudicative facts' pursuant to Rule 201(c)(2)[Fed.R.Evid.] is appropriate in the underlying 18 U.S.C. §3582(c)(2) proceeding.

2. Issue a holding with Order in which the lower Court is instructed to comply with Rule 201(c)(2)[Fed.R.Evid.] and to "take" the requested "judicial notice" of the provided 'adjudicative facts'.

3. Hold that Movant has an Equal Protection right to a sentence analysis that includes a full and proper application of Amendment 591; and it's ex post facto component.

4. Any such other fair relief as to the Court is deemed proper in the interests of justice.

## V. REASONS FOR GRANTING RELIEF

The Movant respectfully avers that cogent and compelling legal reasons exist to sustain the granting of the relief requested:

1. **Due Process Right** -- where the Movant has an established Constitutional right to have the Sentencing Court be fully informed and given notice of the relevant and material adjudicative facts to be relied upon by the Court in it's Guideline Amendment 591 analysis in connection with any sentencing determinations. See, e.g., **United States v. Panico**, 308 F.2d 125, 127 (2nd Cir. 1962)("The court takes judicial notice of the entire record before the [sentencing Judge]".).

4.

2. <u>United States v. Fatico</u>, 579 F.2d 707 (2nd Cir. 1978) -- where the Second Circuit ruled that judicial notice of adjudicative facts was proper in a sentencing related proceeding, albeit not an action under 18 U.S.C. §3582(c)(2); yet similar enough to sustain judicial notice in a §3582(c)(2) proceeding. <u>Id</u>. <u>Fatico</u> at 712-13.

3. <u>Federal Rules Of Evidence</u> -- where Rule 201(c)(2) creates a defined obligation for the lower court to take the requested judicial notice; as it states the court "shall" do so; and thus sets forth a **"duty to act"**. See, 1 Weinstein's Federal Evidence, ch. 201, Judicial Notice of Adjudicative Facts §§ 201.02, 201.30; <u>Oneida Indian Nation</u>, **691 F2d at 1086 {2nd Cir 1982}** (judicial notice is proper).

4. <u>Erroneous View Of The Law</u> -- **where** the failure to comply with Rule 201(c)(2)[Fed.R.Evid.] and take the requested judicial notice in the underlying §3582(c)(2) proceeding manifests an **"abuse of discretion" pursuant to an erroneous interpretation of the law [and] deprives the lower court of relevant and material facts necessary for a full and proper analysis under** U.S.S.G. Amendment 591.

5. <u>Conclusively Resolve Important Legal Question That Is Separate From The Merits</u> -- where the judicial notice 'question of law' is important, yet separate from the merits of the Amendment 591 §3582(c)(2) proceeding to reduce the Movant's instant sentence. See, <u>Cohen</u>, 337 U.S. at 546 (1949)(establishing the <u>Cohen</u> Doctrine for interlocutory appeals).

6. <u>Substantial Constitutional Rights</u> -- **where** the Movant's Constitution based rights are implicated, including 1) Due Process of Law; 2) Ex Post Facto Clause; 3) Equal Protection Clause which all are ostensibly violated by the lower court's failure to take the requested judicial notice under Rule 201(c)(2)[Fed.R. Evid.] of the provided adjudicative facts.

The Movant respectfully contends that <u>in toto</u> the cogent and compelling substantial legal reason(s) set forth herein sustain the granting of the requested relief.

5.

## VI. CONCLUSION

This Honorable Court has the inherent authority to invoke it's jurisdiction under 28 U.S.C. §2106; or 28 U.S.C. §1651(a); or 28 U.S.C. §1292; or any other statute or means necessary to consider this novel 'question of law' regarding judicial notice within the context of a proceeding pursuant to 18 U.S.C. §3582(c)(2). Moreover, this "question of law" appears to be an "issue of first impression" for this Court, and thus creating an even stronger reason to fully address the unique legal question.

The Movant contends that judicial notice is indeed proper, as he has a due process right to have all the relevant and material adjudicative facts considered by the lower court in connection with any U.S.S.G. Amendment based analysis under §3582(c)(2) and U.S.S.G. §1B1.10 -- in this case Amendment 591.

Furthermore, it is unclear from the very sparse PSR and sentencing record if the Sentencing Judge knew he had the legal obligation and duty to conduct the mandated Amendment 591 analysis with it's required ex post facto component. In fact, the instant sentence is clear and convincing proof that the Sentencing Court did not know.

WHEREFORE, based upon the good cause and evidence adduced in this action; this Honorable Court should grant the relief requested in the fair interests of justice.

Dated: Lompoc, California
       October 3O , 2015

                              Respectfully submitted,

                              _____
                              Michael Vondette
                              Movant-Appellant pro se

6.



EXHIBIT A

A-1

JA:BTR:br
F.#1996R0415
VondetteS2.Ind

*FILE COPY*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

MICHAEL J. VONDETTE,
  also known as "Glenn Titus,"
  "Big Guy," "Big," "Harry,"
  "Steve," and "Upstate Steve,"

        Defendant.

- - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 97-1010 (S-2)(TCP)
(T. 21, U.S.C., §§
841(b)(1)(A)(vii),
841(b)(1)(C) 846 and
853; T. 18, U.S.C.
§§ 1956(h), 982, 2
and 3551 et seq.)

THE GRAND JURY CHARGES:

### COUNT ONE
(Conspiracy to Distribute and
Possess with the Intent to Distribute)

    1. In or about and between January 1980 and October

30, 1997, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant MICHAEL

J. VONDETTE, also known as "Glenn Titus," "Big Guy," "Big,"

"Harry," "Steve," and "Upstate Steve," after a prior conviction

for a felony drug offense had become final, together with others,

did knowingly and intentionally conspire to distribute and to

possess with intent to distribute in excess of one thousand

kilograms of hashish, in excess of one thousand kilograms of a

mixture and substance containing marijuana and methaqualone,

Schedule I controlled substances, in violation of Section

A-1

FILE COPY

841(a)(1) of Title 21, United States Code.

(Title 21, United States Code, Sections 846,

841(b)(1)(A)(vii) and 841(b)(1)(C); Title 18, United States Code,

Sections 3551 et seq.)

## COUNT TWO
### (Conspiracy to Launder Money)

2.    In or about and between October 27, 1986, and

January 30, 2000, both dates being approximate and inclusive,

within the Eastern District of New York and elsewhere, the

defendant MICHAEL J. VONDETTE, also known as "Glenn Titus," "Big

Guy," "Big," "Harry," "Steve," and "Upstate Steve," together with

others, knowing that the property involved in the financial

transactions represented the proceeds of some form of unlawful

activity, did knowingly and intentionally conspire to conduct

financial transactions affecting interstate commerce, to wit:

the transfer of currency, which transactions in fact involved the

proceeds of specified unlawful activity, to wit: distribution of

controlled substances, in violation of Title 21, United States

Code, Section 841, with the intent to promote the carrying on of

said specified unlawful activity, and knowing that the

transactions were designed in whole and in part to disguise the

ature, source, ownership and control of the proceeds of said

pecified unlawful activity, in violation of Title 18, United

tates Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

A.2

EXHIBIT B

EXHIBIT B

B·1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP

---------------------------------x

MICHAEL VONDETTE,                      )

       Movant-Defendant,              )          Case No. 97-cr-1010

                           )

-vs-                                   )

                           )

UNITED STATES OF AMERICA,              )

                           )

       Respondent-Plaintiff.          )

---------------------------------x

MOTION UNDER 18 U.S.C. §3582(c)(2)
TO REDUCE INSTANT SENTENCE PURSUANT TO
AMENDMENT 591 TO THE SENTENCING GUIDELINES [AND]
MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE
OF ADJUDICATIVE FACTS [AND] FOR ASSIGNMENT OF COUNSEL

     **NOW COMES** Michael Vondette, the Movant-Defendant in the above captioned case, proceeding pro se and hereinafter ("Movant"); and respectfully submits the instant motion for reduction of sentence under 18 U.S.C. §3582(c)(2) pursuant to application of Amendment 591 to the United States Sentencing Guidelines ("Am. 591") [and] for this Court to take Judicial Notice of Adjudicative Facts [and] for assignment of counsel -- all under the penalties of perjury pursuant to 28 U.S.C. §1746; and further under **Haines v. Kerner**, **404 U.S. 519, 520-21 (1972)**(pro se pleadings to be "liberally construed").

B-1



B.2

## I. PRELIMINARY STATEMENT

Amendment 591 ("Am. 591"), made retroactive by Amendment 607, of the U.S. Sentencing Guidelines [U.S.S.G. §1B1.10] must be correctly applied to any and all Federal sentences imposed post-1987, as here (original sentence imposed in 2002). The existing sentence in this case, however, clearly failed to properly apply Am. 591 -- whereupon the instant unexplained, <u>ex post facto</u> 40-year sentence for a non-violent Marijuana conspiracy **committed** **in** **1980** (a <u>de facto</u> 'life' sentence) is rendered remarkably lower under Am. 591. Whereby the proper application and analysis under Am. 591 renders a substantially lesser sentence than the one now in place. U.S.S.G., Title 18, Appx.; <u>United States v. Rivera</u>, 293 F.3d 584, 585 (2nd Cir. 2002).

## II. JURISDICTION

The Movant respectfully invokes this Court's jurisdiction under 18 U.S.C. §3582(c)(2); pursuant to Rule 201 of the Federal Rules of Evidence ["Judicial Notice of Adjudicative Facts"]; and Rule 44 of the Federal Criminal Code and Rules ["Right to and Assignment of Counsel"]. Fed.R.Crim.P. (2012); F.R.Evid. (2012).

The Movant further invokes this Court's inherent jurisdiction pursuant to Constitutional Due Process of law; the Ex Post Facto Clause; and the Equal Protection Clause. U.S. Const.

B.2

B·3

File COPY

## III. MOTION FOR JUDICIAL NOTICE

The Movant respectfully moves for this Court to take the requested "judicial notice" of the adjudicative facts provided with this motion. The Movant notes Rule 201(c) **"Taking Notice."** which states that "(A) court shall take judicial notice if requested by a party and supplied with the necessary information."; and Rule 201(d) **"Time of taking notice."** which states that "Judicial notice may be taken at any stage of the proceeding.". F.R.Evid., Rule 201 (2012).

Based upon the provided copy of the Movant's indictment, as attached hereto as Exhibit A; and public record sources "whose accuracy cannot reasonably be questioned." [Rule 201(b)] comes the following dispositive adjudicative facts:

1. **Fact** that the Movant's indictment at Count One clearly charges a Marijuana conspiracy **committed in January 1980**, as pleaded. [See, Exhibit A, copy of indictment as attached hereto]

2. **Fact** that Movant's indictment at Count One includes, as a sentencing statute, 21 U.S.C. §841(b)(1)(C); which under statutory law carries a sentence "not to exceed 20-years". See, Rule of Lenity (**Bifulco, 447 U.S. at 387 (1980)**). [See, Exhibit A, copy of the indictment as attached hereto]

3. **Fact** that Movant's indictment at Count Two charges a money laundering conspiracy under 18 U.S.C. §1956(h) **committed in October 1986** --- however, Congress does **NOT pass this law UNTIL 1992** under Public Law 102-550, §1530 ("Annunzio-Wylie Anti-Money Laundering Act") --- thus Count Two here charges an ex post facto crime that **does not yet exist.** [See, Exhibit A, at A-2; as attached hereto]

4. **Fact** that Movant's indictment at both Count One (1980) and Count two (in arguendo 1986) in this case charges offense(s) **committed before November 1, 1987.** [See, Exhibit A, as attached hereto]

5. **Fact** that offenses committed before Novemner 1, 1987 are entitled to a Federal sentence that includes the possibility of Federal Parole, and "statutory good time" under 18 U.S.C. §§ 4161 et seq; 4205 et seq. Fed.R.Crim.P.(2002); **Miller, 482 U.S. 423 (1987).**

B·3

Motion under §3582(c)(2) - reduce Sentence

97-cr-1010

B·4

6. **Fact** that in **Rivera**, 293 F.3d, **supra**; the Second Circuit's con-
trolling precedent decision concerning the application of Am. 591,
the Court noted in its footnote #2, that;
> "(T)he Probation Office, and the court, used pre-
> November 1, 1989 Sentencing Guidelines to avoid an
> ex post facto problem under **Miller v. Florida**, 482
> U.S. 423, 96 L.Ed.2d 351, .. (1987)."

Id. -- to wit, that Am. 591 requires ex post facto analysis in
its proper application.

See, e.g., **Pani**, 152 F.3d at 75 (2nd cir 1998)(docket sheet, case re-
cords, and public records subject to judicial notice); **Hernandez-
Fundora**, 58 F.3d at 812 (courts to take judicial notice of adjudi-
cative facts).

## IV. RELEVANT FACTS

In the interests of brevity, and the presumption of this
Court's knowledge of this lengthy and litigious case (for example,
the Supreme Court vacated the judgment in 2005) -- the Movant will
include fact(s) germane to this motion only.

1) The indictment, as pleaded, is attached hereto including
all its incumbent error(s) -- which forms, inter alia, much
of the legal rationale for this Am. 591 motion.

2) The 2002 PSR noted an ex post facto problem; but nevertheless
failed to properly apply Am. 591 in its calculations; and
recommended a sentence of 30-years and no fine.

3) The Sentencing Court imposed a completely unexplained 40-
year sentence on Count One, and a statutory maximum 20-years
on Count Two --- and failed to properly apply Am. 591, nor
addresses the obvious ex post facto problem(s).

## V. RELIEF REQUESTED

The Movant respectfully requests the following relief:

1] Set forth, on the record, that this Court has indeed taken the
requested Judicial Notice of the material dispositive adjudicative
facts provided herein.

2] Set forth this Court's findings of fact and conclusions of law
based on the proper analysis required under Am. 591 in accord with
Constitutional Due Process of law.

B·4



**3]** As deemed proper, Order a new de novo PSR that allows the Pro-
bation Office to properly apply Am. 591 [and] explain their Am.
591 based sentencing methodology.

**4]** Modify and reduce Movant's instant sentence in accord with the
full and proper application of Am. 591, and it's due process of
law requirements; and for any such relief as deemed by the Court
appropriate in the interests of fair justice.

## VI. LEGAL ARGUMENTS AND PROOF THAT AMENDMENT 591 WAS NOT APPLIED TO MOVANT'S SENTENCE [AND] THAT THIS MOTION IS THEREFORE COGNIZANT.

The Movant respectfully notes that the record in this case
clearly establishes that Am. 591 was not applied to determine the
Movant's sentence. [See, Exhibit A, copy of indictment] See, e.g.,
2002 PSR. The Court in **Rivera**, 293 F.3d at 585-86, supra; set
forth the proper application protocols of Am. 591 for a proposed sen-
tence in accord with due process of law. The **Rivera** Court further
established that ex post facto analysis is integral to the calculus
necessary to properly implement Am. 591. See, **Rivera**, 293 F.3d at
fn #2. The Court also noted "distinct steps taken to arrive at a
[proper] sentence:"; which are required to be followed. Id. at 585.
The proper steps to be followed are as follows:

> (1) Determine and identify the specific 'crime of convic-
> tion', as pleaded, devoid of any judicial factfinding.
>
> (2) Determine when the crime of conviction was committed,
> as pleaded, devoid of any judicial factfinding.
>
> (3) Conduct ex post facto analysis as to proper sentencing
> scheme and methodology, as applied to committed crimes.
>
> (4) Subsequent to first three(3) mandates, if applicable,
> determine from "Statutory Index (Appendix A)" [U.S.S.G.]
> an initial selection of the 'offense guideline based
> solely on the offense of conviction.

Id.; see also, Amendment 591, USSG (2002). In this case, **neither** the
Government, **nor** the PSR, **nor** the Court properly implemented Am. 591.



Motion Under §3582(c)(2) - Reduce Sentence

97-cr-1010





**3]** As deemed proper, Order a new de novo PSR that allows the Probation Office to properly apply Am. 591 [and] explain their Am. 591 based sentencing methodology.

**4]** Modify and reduce Movant's instant sentence in accord with the full and proper application of Am. 591, and it's due process of law requirements; and for any such relief as deemed by the Court appropriate in the interests of fair justice.

## VI.  LEGAL ARGUMENTS AND PROOF THAT AMENDMENT 591 WAS NOT APPLIED TO MOVANT'S SENTENCE [AND] THAT THIS MOTION IS THEREFORE COGNIZANT.

The Movant respectfully notes that the record in this case clearly establishes that Am. 591 was not applied to determine the Movant's sentence. [See, Exhibit A, copy of indictment] See, e.g., 2002 PSR. The Court in **Rivera**, **293 F.3d at 585-86, supra**; set forth the proper application protocols of Am. 591 for a proposed sentence in accord with due process of law. The **Rivera** Court further established that ex post facto analysis is integral to the calculus necessary to properly implement Am. 591. See, **Rivera**, **293 F.3d at fn #2**. The Court also noted "distinct steps taken to arrive at a [proper] sentence:"; which are required to be followed. Id. at 585. The proper steps to be followed are as follows:

> (1) Determine and identify the specific 'crime of conviction', as pleaded, devoid of any judicial factfinding.
>
> (2) Determine when the crime of conviction was committed, as pleaded, devoid of any judicial factfinding.
>
> (3) Conduct ex post facto analysis as to proper sentencing scheme and methodology, as applied to committed crimes.
>
> (4) Subsequent to first three(3) mandates, if applicable, determine from "Statutory Index (Appendix A)" [U.S.S.G.] an initial selection of the 'offense guideline based solely on the offense of conviction.

Id.; see also, Amendment 591, USSG (2002). In this case, **neither** the Government, **nor** the PSR, **nor** the Court properly implemented Am. 591.



Motion Under §3582(c)(2) - Reduce Sentence

97-cr-1010

B·6 

## A. Clear And Explicit Evidence Establishes Failure To Apply Am. 591 To Movant's Sentence.

The material facts are clear and irrefutable, as <u>inter alia</u> pleaded on the face of Movant's indictment [See, Exhibit A] -- that Am. 591 was not applied in this case. The incontrovertible proof that Am. 591 was not implemented is as follows:

1. **Brady** Violation -- because had Am. 591 been properly applied, then the Government would have been forced to meet its Constitutional obligation to disclose the dispositive **exculpatory** evidence that pro se Movant's crime(s) were committed **BEFORE** November 1, 1987 -vs- the post-1987 based U.S.S.G. methodology used. [See, Exhibit A] **Brady v. Maryland**, 373 U.S. 83 (1963).

2. **Ex Post Facto** Clause Violation -- because had Am. 591 analysis been properly conducted, then the Sentencing Court would have known that the Count One Marijuana conspiracy is **committed** in January of **1980**; and thus subject to 1980 U.S.Code statutory law based sentencing methodology. **United States v. Peugh**, 569 U.S. ____, 133 S.Ct. 2072, 2085-87 (2013); **Miller**, 482 U.S., **supra**. [See, Exhibit A]

3. **Equal Protection** Clause and Due Process Violation(s) -- because had Am. 591 been properly applied, then Movant would not have been **denied his Constitutional right(s)** to a) Federal Parole considerations and b) Statutory Good-Time (18 U.S.C. §§ 4161 <u>et seq</u>, 4205 <u>et seq</u>) based on crimes committed before November 1, 1987. **Weaver v. Graham**, 450 U.S. 24, 33-35 (1981).

4. **Rule of Lenity** Violations -- whereby pursuant to a mere cursory analysis under Am. 591, the remarkably ambiguous charges pleaded in the confusing indictment would have been exposed. Count One conflates bogus multiple conspiracies with alleged 'controlled substances' that **do not even exist** [See, Count One, and its "marijuana mixed with methaqualone"]; and further includes multiple conflicting **different sentencing schemes** [See, Count One, 21 U.S.C. §§ (b)(1)(C) **[and]** (b)(1)(A)]. Count Two, as noted supra, charges a money laundering conspiracy crime that **does not yet exist** [See, Judicial Notice at #3, supra]; and was allegedly committed in 1986. Thus, the most rudimentary Am. 591 analysis and review, had it been conducted, would have compelled the Sentencing Court to apply, inter alia, the Rule of Lenity. **Bifulco v. United States**, 447 U.S. 381, 387 (1980); **United States v. McGee**, 553 F.3d 225, 228-29 (2nd Cir 2009) (Rule of Lenity applies to §3582(c)(2) motions).

B·6

6.



Accordingly, a simple review of Movant's indictment, as compared to the ex post facto 40-year sentence (a de facto 'life' sentence) imposed, establishes irrefutable proof that Am. 591 was not applied in the original sentence. [See, Exhibit A]  In **Eubanks v. United States**, 2005 U.S.Dist. LEXIS 16712 (SDNY) that Court noted:

> "Amendment 591 is therefore only pertinent in considering the court's **determination of the applicable sentencing guideline**."

Id. (emphasis added).  Therefore here, based on a proper application of Am. 591; there is no U.S.S.Guidelines legally appropriate for Movant's sentence scheme/methodology -- and thus proper compliance with Am. 591 pursuant to §3582(c)(2) renders a lower sentence.

### B. Failure To Apply Am. 591 To Movant's Sentence Is Fundamental Sentencing Error.

As noted supra, Am. 591 is mandatory for all sentences imposed pursuant to the post-1987 Federal sentencing scheme and methodology.  18 U.S.C. §3553(a); 28 U.S.C. §994; Sentencing Reform Act ("SRA").  Therefore, when the Government, the Probation Office, and the Sentencing Court all fail to comply with Am. 591 mandates, as in this case, it manifests "fundamental sentencing error".  See, **United States v. Juwa**, 508 F.3d 694, 700 (2nd Cir 2007)(confusion as to sentencing court's determinations rendered the sentence 'procedurally unreasonable').  Indeed, due process of law is not discretionary; and the failure to apply Am. 591 on Movant's sentence is so procedurally flawed that it effectively establishes a "fundamental miscarriage of justice" -- in addition to other material errors including, inter alia, the following:

7.

B·8

1] **Erroneous View Of The Law** -- whereby ex post facto/due process
law is clearly established, and the failure of the Sentencing
Court to apply Am. 591 within an ex post facto context is
"plain error"; particularly considering Movant's indictment
on its face, with the clearly pleaded pre-1987 crimes.
[See, Exhibit A] **Miller**, 482 U.S., supra; **Peugh**, 569 U.S.,
supra.

2] **Clearly Erroneous Assessment Of The Facts** -- whereby the ma-
terial facts are very clear, as pleaded in the indictment
[See, Exhibit A]; with Count One '**committed**' in 1980, and
thus subject to 1980 U.S. Code based sentencing scheme/
methodology [and] Count Two as completely illegal and ex
post facto --- thus the Sentencing Court's failure to apply
Am. 591 and ascertain the material facts correctly is
"clearly erroneous".

3] **Unconstitutional Sentence That Is Impermissible** -- whereby the
Constitution's Ex Post facto Clause, Equal Protection Clause,
and Due Process Clause are all violated due to the Sentencing
Court's failure here to properly apply Am. 591; as the Mo-
vant has a Constitutional right to be sentenced with a possi-
bility for Federal Parole [and] Statutory Good Time [18 U.S.C.
§§ 4161 et seq, 4205 et seq] based on pre-1987 crimes, as
pleaded in the indictment [See, Exhibit A]. **Miller**, 482 U.S.,
supra; **Peugh**, 569 U.S., supra.

4] **Misinterpretation/Misapplication Of U.S.S.Guidelines** -- whereby
the Sentencing Court's failure to apply Am. 591 led to the
Judge's erroneous use of the post-1987 U.S.S.G. to invent
an illegal sentence; when under ex post facto/equal protection/
due process law the Judge was precluded from using these
Guidelines --- thus the Sentencing Judge is guilty of a
Constitutional mis-apprehension of the proper sentencing
scheme and methodology applicable to Movant's crimes.

5] **Outside Heartland Application And Atypical** -- whereby a con-
spiracy 'committed' in 1980, Count One here, is "outside the
heartland application" of the post-1987 U.S.S.Guidelines [and]
an §846 crime committed in 1980, as here, is "atypical" of
any §846 offense appropriate to the post-1987 U.S.S.Guide-
lines --- and the Sentencing Court's failure to, inter alia,
apply Am. 591 made it impossible for the Judge to notice
this error.

Consequently, in toto, the Sentencing Court's failure to comply

with Am. 591 and it's required analysis has resulted in 'fundamen-

tal sentencing error'; and arguably manifests a clear "miscarriage

of justice" --- now correctable by this Court under §3582(c)(2).

B·8

8.

B·9

## VII. CONCLUSION

The Court in **Rivera** established that ex post facto review and analysis is an integral required part of Am. 591 calculus [and] the **McGee** Court similarly found that the Rule of Lenity is appropriate in Am. 591 applications. **Rivera**, 293 F.3d, supra; **McGee**, 553 F.3d, supra. See also, **Miller**, 482 U.S., supra; **Peugh**, 569 U.s., supra.

Neither the Government, nor the Sentencing Court can point to or produce any evidence from the sentencing record that Am. 591 was properly applied to Movant's sentencing methodology. This very lack of material evidence is overwhelming proof that Am. 591 was not previously complied with in this case.

Therefore, the full and proper application here of Am. 591 under 18 U.S.C. §3582(c)(2) renders a lesser sentence.

**WHEREFORE**, based on the good cause and evidence adduced herein, this Honorable Court should grant the relief as requested as deemed proper in the interests of fair justice.

Dated: Lompoc, California
        June 25 , 2015

                                Respectfully submitted,

                                Michael Vondette
                                FCI-Med.; #50936198
                                3901 Klein Blvd.
                                Lompoc, CA  93436

B·9

9.

EXHIBIT C

EXHIBIT C

C·1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILE COPY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                    :

                                            :

                            – against –     :          ORDER
                                            :          97 CR 1010 (JFB)
                                            :
MICHAEL VONDETTE,                           :
                                            :
                    Defendant.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JOSEPH F. BIANCO, District Judge:

By motion filed June 29, 2015, defendant Michael Vondette seeks a reduction of sentence

pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (Amendment 782, effective

November 1, 2014).

Within 30 days of the date of this Order, the Probation Department shall prepare an

addendum for the Court reflecting the amended Guideline range and an analysis as to whether

Mr. Vondette is eligible for relief.  Moreover, the addendum should include Bureau of Prisons

SENTRY date pertaining to the inmate's disciplinary record, work history, and educational data.

Within 45 days of the date of this Order, the Government or Mr. Vondette may file a response to

the addendum.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:       July 28, 2015
             Central Islip, New York

C·1

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

_MICHAEL VONDETTE_  v.

_UNITED STATES_

**CERTIFICATE OF SERVICE**

Docket Number: _____

[D.Ct.#97-cr-1010(EDNY)]

I, _Michael Vondette_____, hereby certify under penalty of perjury that on

_November___, _2015_, I served a copy of  MOTION UNDER 28 U.S.C. §2106  or (if deemed
(date)                                     necessary by the Court) INTERLOCUTORY APPEAL
and Motion For Leave To Proceed In Forma Pauperis.  UNDER 28 U.S.C.§1292 .... [with EXHIBITS]

(list all documents)

by (select all applicable)*

- [XXX] United States Mail
- [ ] Federal Express
- [ ] Overnight Mail
- [ ] Facsimile
- [ ] E-mail
- [ ] Hand delivery

on the following parties (complete all information and add additional pages as necessary):

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| United States Attorneys Office | US Courthouse, 100 Federal Plaza, | Central Islip | NY | 11722 |
| U.S.Court of Appeals - Second Circuit; | 40 Foley Square; | New York, | N.Y. | 10007 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

_November 16, 2015_

XXXXXXXXXXXX

_____
Signature
Michael Vondette, pro se

*If different methods of service have been used on different parties, please indicate on a separate
page, the type of service used for each respective party.

Certificate of Service Form

Michael Vendetta

United



UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

⇔50936-198⇔
Appeals Court United States
40 Foley SQ
For The Second Circuit
NEW YORK, NY 10007
United States



USM40LD
SDNY

LEGAL MAIL