## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

**Docket Number(s):** #15-3821mc    ]D.Ct.#97-cr-1010(EDNY)]       Caption [use short title]

**Motion for:** RELIEF FROM A JUDGMENT OR ORDER

Under Rule 60(a) or 60(b)(1) of Federal Rules of Civil

Procedure -- Due To Court Clerk Mistake(s)          VONDETTE V. U.S.

Set forth below precise, complete statement of relief sought:

Reinstate/Reinvoke This Court's Jurisdiction Over The

Instant Action -- Due To Court Clerk Mistake(s) Pursuant

To Rule 60(a) or 60(b)(1) Of The Federal Rules of Civil

Procedure.

RECEIVED
16 MAR -7 PM 3:57
U.S. COURT OF APPEALS
SECOND CIRCUIT.

**MOVING PARTY:** Michael Vondette, pro se          **OPPOSING PARTY:** United States
[ ] Plaintiff          [ ] Defendant
[XX] Appellant/Petitioner    [ ] Appellee/Respondent

**MOVING ATTORNEY:** Michael Vondette, pro se       **OPPOSING ATTORNEY:** United States Attorney
[name of attorney, with firm, address, phone number and e-mail]

     FCI-Med.; #50936198                               U.S. Courthouse

     3901 Klein Blvd.                                  100 Federal Plaza

     Lompoc, CA  93436                                 Central Islip, NY  11722

Court-Judge/Agency appealed from: EDNY (Cen.Islip); Judge J.F. Bianco; U.S.D.Ct. --- Second Circuit Appeals Court

**Please check appropriate boxes:**

| | |
|---|---|
| Has movant notified opposing counsel (required by Local Rule 27.1):  [XX] Yes [ ] No (explain): _____ | **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:** |

Has request for relief been made below? [ ] Yes [ ] No
Has this relief been previously sought in this Court? [ ] Yes [ ] No
Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:
[ ] Unopposed [ ] Opposed [XX] Don't Know
Does opposing counsel intend to file a response?
[ ] Yes [ ] No [XX] Don't Know

Is oral argument on motion requested?    [ ] Yes [XX] No   (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    [ ] Yes [XX] No  If yes, enter date: _____

**Signature of Moving Attorney:**
M. Vondette      Date: MARCH/03/2016   Service by: [ ] CM/ECF  [XX] Other [Attach proof of service]
Michael Vondette, pro se                                        U.S.Postal Service

**Form T-1080** (rev. 12-13)

IN THE UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————————— ——————————X

MICHAEL VONDETTE,                        ]

           Movant-Appellant,        ]        No. 15-3821mc

vs.                                      ]

                         ] **MOTION TO REINSTATE THIS COURT'S**

                          **JURISDICTION OVER THE INSTANT**

UNITED STATES OF AMERICA,                ]        **ACTION; DUE TO COURT CLERK MIS-**

           Respondent.               ]        **TAKE(S), PURSUANT TO RULE 60(a),**

                          **OR RULE 60(b)(1) OF THE FEDERAL**

————————————— ——————————x **RULES OF CIVIL PROCEDURE --**

                          **RELIEF FROM A JUDGMENT OR ORDER.**

      The Movant-Appellant Michael Vondette, proceeding pro se ("Movant") hereby respectfully submits this motion in good faith under the penalties of perjury pursuant to 28 U.S.C. §1746. Movant further notes **Haines v. Kerner, 404 U.S. 519, 520 (1972)**(pro se pleadings to be "liberally construed").

## I. JURISDICTION

      The Movant respectfully invokes this Court's jurisdiction pursuant to Rule 60 of the Federal Rules of Civil Procedure. as follows:

1. Rule 60(a) **"Corrections Based on Clerical Mistakes: Oversights and Omissions.** or. as deemed proper by this Court; 2. Rule 60(b)(1) **"mistake, ¡nadvertence. surprise, or excusable neglect:** -- based on the relevant and material facts in this case. [**See. Attached Affidavit of Movant regarding Clerk 'mistake(s)'**]

## II. RELIEF REQUESTED

      Based on the irrefutable relevant facts. that the Court Clerk "mistake(s)" have denied the Movant any opportunity to be heard -- Movant requests this Court to reinstate [out-of-time if deemed] the instant action. as attached.

### III. STATEMENT OF RELEVANT FACTS

The facts pertaining to the underlying motion in the District Court (EDNY) are set forth at Pages 3-4 of the attached action under 28 U.S.C. §2106 "DETERMINATION" , or if deemed by this Court under 28 U.S.C. §1292 'Interlocutory Appeal".

1. Movant filed in good faith an action under 1) 28 U.S.C. §2106 "DETERMINATION"; 2) 28 U.S.C. §1292 'Interlocutory Appeal'; and 3) 28 U.S.C. §1651 'All Writs Act -- whereupon this Court was to determine the proper jurisdiction in order to reach the merits of the pro se action. This action **is rejected by the Court Clerk, as the Clerk (improperly) construed the action as ONLY a "mandamus" without any input from this Court;** and returned the pleading as 'unfiled'.

   a) That action was filed around November/December 2015, and asked this Court to rule on the 'question of law' regarding "Judicial Notice" as applied to a motion under 18 U.S.C. 3582(c)(2).

2. The Court Clerk did **NOT provide any Docket Number, and did NOT docket the action with this Court.**

3. After waiting to be served, or notified by the Court Clerk as to the legal status for several months --- Movant withdrew the possible 'mandamus' portion of the action; and on February 17, 2016 submitted the instant action. [See, **Attached Copy of Action**].

4. As per Attached Affidavit [See, **Attached Affidavit of Movant**] the Court Clerk **NEVER "served" any papers to the Movant; NEVER provided "notice" from the Court as to the action filed by the Movant; NEVER provided a 'briefing schedule; AND THE MOVANT HAS NEVER RECEIVED ANY PAPERS/DOCUMENTS FROM EITHER THE CLERK, NOR THIS COURT regarding the (alleged) Docket #15-3821mc.** [See, **Attached Affidavit of Movant**[

### IV. REASONS FOR GRANTING RELIEF

The Courts have overwhelmingly established that whenever there are "Clerical Mistakes; Oversights and Omissions" as in this case, this Court can remedy those 'mistake(s)' as deemed proper [Rule 60(a), F.R.Civ.P.]. Moreover, any "mistake, inadvertence, surprise, or excusable neglect;" committed by the Court Clerk, as here; may be corrected by this Court under Rule 60(b)(1)[F.R.Civ.P.] -- as deemed appropriate by this Court. See, Moore and Rogers, <u>Federal Relief from Civil Judgments</u>, 1946, 55 Yale L.J. 623.   In this case, because of the "mistake(s)" by the Court Clerk --- this Court should grant relief in the interests of fair justice.

Rule 60(a)/Rule 60(b)(1)                                                                 Reinstate #15-3821mc

## V. CONCLUSION

This Honorable Court has the inherent authority to invoke it's juris-diction over the instant action in the interests of justice -- and to avoid a **"fundamental miscarriage of justice"** based on the Court Clerk's 'mistake(s)' con-cerning the instant action. **[See, Attached Copy of Action Filed on February 17, 2016]**. The Movant has been denied an opportunity to be heard by this Court -- **through no fault of the Movant.** Moreover, the "question of law" presented is one that is 1) **an "issue of first impression"** for this Court; 2) has **"equal protection rights"** ramifications; and 3) addresses a legal question that has **'national im-plications'**.

The relevant and material facts here are irrefutable --- due to Court Clerk 'mistake(s)' or inadvertent omissions --- the Movant has been clearly **denied Due Process of law;** and denied the opportunity to be properly heard by this Court.

**WHEREFORE,** based on the good cause and evidence adduced herein, this Court should grant the relief requested and [re]invoke it's inherent jurisdiction in order to hear the instant action.


Dated: Lompoc, California
       March 03 , 2016.



                                        Respectfully submitted,

                                        _____
                                        Michael Vondette
                                        Movant pro se
                                        FCI-Med; #50936198
                                        3901 Klein Blvd.
                                        Lompoc, CA  93436

CERTIFICATION OF SERVICE

Re: Vondette v. U.S.; #15-3821mc; Reinstate Via Rule 60(a)/60(b)(1)

**Relief From Judgment –– Court Clerk Mistake(s)**

The Movant in this action, Michael Vondette, hereby affirms under the penalties
of perjury that true and correct copies of:

   1. MOTION TO REINSTATE THIS COURT'S JURISDICTION OVER THE INSTANT ACTION;
      DUE TO COURT CLERK MISTAKE(S), PURSUANT TO RULE 60(a) OR RULE 60(b)(1)
      OF THE FEDERAL RULES OF CIVIL PROCEDURE
                    RELIEF FROM A JUDGMENT OR ORDER

                    [with Attachments and Exhibits]

   2. MOTION INFORMATION STATEMENT.

   3. AFFIDAVIT OF MOVANT MICHAEL VONDETTE AS TO COURT CLERK MISTAKE(S);
      INCLUDING, INTER ALIA, LACK OF PROPER SERVICE [AND] LACK OF PROPER
      NOTICE FROM THE COURT.

   4. CERTIFICATION OF SERVICE


have been served/filed pursuant to **Houston v. Lack, 487 U.S. 266 (1987)**; by
U.S. Postal Service first-class prepaid mail to the following:

United States Attorneys Office
100 Federal Plaza
Central Islip, NY  11722

United STates Court of Appeals
For The Sencond Circuit
40 Foley Square
New York, NY  10007



Dated: Lompoc, California
       March 03 , 2016


                                   Respectfully submitted,

                                   M) VonDet(

                                   Michael Vondette
                                   Movant pro se

IN THE UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

```
----------------------------------x
MICHAEL VONDETTE,                  ]
                Movant-Appellant,  ]
v.                                 ]
                                   ]
UNITED STATES OF AMERICA,          ]
                Respondent.        ]
----------------------------------x
```

No. 15-3821mc

[D.Ct.#97-cr-1010(EDNY)]

**AFFIDAVIT OF MOVANT MICHAEL VONDETTE
AS TO CIRCUIT CLERK'S FAILURE TO PRO-
VIDE PROPER SERVICE, NOR PROPER NOTICE
IN THIS ACTION**

The Movant, Michael Vondette, proceeding pro se in this action, hereby respect-
fully submits this Affidavit in good faith; and affirms the truth of this Affi-
davit under the penalties of perjury pursuant to 28 U.S.C. §1746, to wit:

   1. That I am Michael Vondette, the pro se Movant in this action, and do hereby
respectfully submit the instant Affidavit in good faith.

   2. That I have never been properly "served", nor provided proper "notice"
from the Circuit Court Clerk ("CLERK") regarding the docketing of an action under
[alleged] Docket #15-3821mc.

   3. That on March 1, 2016, I received the first and **ONLY** document/papers from
the CLERK in connection with [alleged] Docket #15-3821mc.  [**See**, Attachment A, at
the first page -- copy of CLERK letter]

   4. That it is through no fault of mine that the [alleged] Docket #15-3821
was never properly submitted to this Honorable Court.

   5. That it is through no fault of mine that the CLERK neglected to properly
file the underlying appellate action in a timely fashion.

   6. That there appears to be **No evidence, nor proof** preserved in the Appeals
Court record that the CLERK properly "served" or provided proper "notice" to the
Movant regarding [alleged] Docket #15-3821.

   7. That there is **no evidence, nor proof** preserved in the Appellate record
that the CLERK 'electronically' served/filed the proper documentation to the
Movant pertaining to Docket #15-3821.

   8. That there is **no evidence, nor proof** preserved in the FCI-Lompoc(BOP)
mail-room records that any 'legal mail' from the CLERK was ever delivered to the
Movant in connection with Docket #15-3821.

9. That the Docket Sheet under #15-3821 **does not** reflect that the CLERK properly "served" the material documents to me; nor that I was given proper "notice" that my pleading had been properly filed by the CLERK with this Court.

10. That the CLERK neglected to 'notify', nor "serve" the Movant with any proper papers that would indicate under which U.S. Code Statute this Court invoked it's inherent jurisdiction over this action.

   a) That I still do not know whether this Court [allegedly] addressed my pleading under either 1) a "Motion Under 28 U.S.C. §2106 "DETER-MINATION", or 2) an "Interlocutory Appeal" under 28 U.S.C. §1292, to be deemed by this Court. [**See, Attachment A**, at "MOTION INFOR-MATION STATEMENT" from February 17, 2016]

11. That the CLERK neglected to notify, nor inform the Movant on what date the [alleged] Docket #15-3821 was in fact 'docketed'/filed with this Court.

12. That the CLERK failed to notify, nor inform the Movant as to what date the action under Docket #15-3821 was "denied" by this Court.

   a) That the CLERK's failure to notify, nor inform the Movant as to the 'denial' date **deprived Movant of his due process right to file a Motion For Reconsideration** in a timely fashion.

   b) That the CLERK's neglect has further deprived the Movant with the proper date upon which to base a proper "Petition For Writ of Cert-iorari" with the U.S. Supreme Court --- thereby denying the Movant his "due Process rights".

13. That I have never received, 1) 'affirmation of filing', 2) a 'briefing schedule', 3) any ruling/response from the Court, nor 4) any other documentation in connection with Docket #15-3821 --- because the CLERK neglected and failed to "serve" any papers from the Court in this action.

14. That the CLERK's "Clerical Mistakes"; "Oversights"; and or "Omissions" due to "inadvertence" or "excusable neglect" have deprived the Movant with a proper opportunity to be heard by this Court; and have violated the Movant's Due Process rights. See, Rule 60(a), 60(b)(1); Federal Rules of Civil Procedure.


Dated: Lompoc, California
       March 03 , 2016


                                    Respectfully submitted,

                                    Michael Vondette


                                    2.

ATTACHMENT A

ATTACHMENT A

*FILE COPY*

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**ROBERT A. KATZMANN**
CHIEF JUDGE

Date: February 26, 2016
Docket #: 15-3821mc
Short Title: United States of America v. Vondette

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

DC Docket #: 9:97-cr-1010
DC Court: EDNY (CENTRAL ISLIP)
DC Judge: Bianco

### NOTICE OF DOCUMENT RETURNED

The enclosed motion is rejected for filing because the:

( )   moving party is not counsel of record.

( )   response may not be accepted because motion has been decided.

( )   relief requested must be sought in district court in the first instance.

**( X )   appeal is closed, and this Court no longer has jurisdiction.**

Inquiries regarding this case may be directed to the undersigned .

FILE COPY

15-3821

#A
CIT

United States Court of Appeals
For The Second Circuit
Court Clerk
40 Foley Square
New York, NY 10007

Re: <u>Vondette v. U.S.</u>; Action Under 28 U.S.C. §§ 2106, 1292

Dear Court Clerk,

Enclosed please find the following documents;

1. MOTION INFORMATION STATEMENT.

2. MOTION UNDER 28 U.S.C. §2106 "DETERMINATION"
    (<u>or</u>, if this Court deems it proper)                    [with Exhibits]
    INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292.

3. CERTIFICATION OF SERVICE

    Kindly date-stamp as docketed pursuant to the Court's Rules
at your first convenience.

    Further note that the instant 'action' is submitted, if neces-
sary, <u>in forma pauperis</u> pursuant to Rule 24(a)(3) "Prior Approval"
[Fed.R.App.P.].

    Moreover, the instant action is respectfully submitted pur-
suant to Rule 25(a)(4)[Fed.R.App.P.], and see also, e.g., Supreme
Court Rule 39.2 --- in the interests of justice.

Dated: Lompoc, California
       February 17 , 2016

                                  Respectfully submitted,

                                  Michael Vondette
                                  Movant pro se
                                  FCI-Med.; #50936198
                                  3901 Klein Blvd.
                                  Lompoc, CA  93436

*FILE COPY*

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

Docket Number(s): ___[D.Ct.#97-cr-1010(EDNY)]___   Caption [use short title]

Motion for: __28 U.S.C. §2106 `Determination`__

_____ (or if deemed proper) 28 U.S.C. §1292 Interlocutory

__Appeal__

Set forth below precise, complete statement of relief sought:

__Pursuant to jurisdiction determined by the Court; Find/Rule__

__that Judicial Notice under Rule 201(c)(2)[Fed.R.Evid.] is__

__proper and required in proceedings under 18 U.S.C. §3582__

__(c)(2) [and] that Movant has Equal Protection rights under__

__Federal Sentencing law.__

MICHAEL VONDETTE,

Movant

v.

U.S.A.,

Respondent

MOVING PARTY: __Michael Vondette, pro se__   OPPOSING PARTY: __United States__

☐ Plaintiff   ☐ Defendant

☒ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: __Michael Vondette, pro se__   OPPOSING ATTORNEY: __United States Attorney__

[name of attorney, with firm, address, phone number and e-mail]

__FCI-Med.; #50936198__   __U.S. Courthouse__

__3901 Klein Blvd.__   __100 Federal Plaza__

__Lompoc, CA  93436__   __Central Islip, NY  11722__

Court-Judge/Agency appealed from: __E.D.N.Y. (Central Islip); Judge Joseph F. Bianco; U.S. District Court__

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☒ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:

Has request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this Court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☒ No  If yes, enter date: _____

Signature of Moving Attorney:

_____ Date: _Feb/17/2016_   Service by: ☐ CM/ECF ☒ Other [Attach proof of service]
Michael Vondette, pro se                                 U.S. Postal Service

**Form T-1080** (rev. 12-13)

CERTIFICATION OF SERVICE

Re: <u>Vondette v. U.S.</u>; Action Under 28 U.S.C. §§2106 or 1292
[D.Ct.#97-cr-1010(EDNY)]

The Movant in this action, Michael Vondette, hereby affirms under
the penalties of perjury that true and correct copies of:

[1] MOTION UNDER 28 U.S.C. §2106 "DETERMINATION"

(<u>or</u>, if this Court deems it proper)

[2] INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292.

has been derved/filed pursuant to <u>Houston v. Lack</u>, 487 U.S. 266, by
U.S. Postal Service first-class prepaid mail to the following;

United States Attorneys Office
100 Federal Plaza
Central Islip, NY  11722

United States Court of Appeals
For The Second Circuit
40 Foley Square
New York, NY  10007

Dated: Lompoc, California
       Fedruary /7 , 2016

Respectfully submitted;

Michael Vondette
Movant pro se
FCI-Med.; #50936198
3901 Klein Blvd.
Lompoc, CA  93436

FILE COPY

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

```
---------------------------------------x
MICHAEL VONDETTE,                      ]
                  Movant-Appellant,    ]      No.
vs.                                    ]
                                       ]      (D.Ct.#97-cr-1010(EDNY))
UNITED STATES OF AMERICA,              ]
                  Respondent.          ]
---------------------------------------x
```

[1] MOTION UNDER 28 U.S.C. §2106 "DETERMINATION";

(or, if this Court deems it proper)

[2] INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292.


The Movant-Appellant, Michael Vondette, proceeding pro se
in this action, and henceforth ("Movant"); hereby respectfully
submits the instant action in a good faith abundance of caution
under the penalties of perjury pursuant to 28 U.S.C. §1746. More-
over, if deemed necessary by this Court, this action is respectfully
submitted in forma pauperis pursuant to Rule 24(a)(3) "Prior Ap-
proval" [Fed.R.App.P.]; as Movant's dismal financial condition has
not changed, [and] Movant has been granted in forma pauperis status
by, inter alia, the U.S. Supreme Court, and this Appellate Court.
[See, Vondette at 543 U.S. 1108 (2005); Vondette at #07-cr-1919;
#09-cr-1300 (2nd Cir)].

FILE COPY

## I. QUESTION(S) OF LAW FOR REVIEW

The Movant respectfully submits that substantial 'question(s) of law' warrant this Honorable Court's further review including an apparent "**issue of first impression**" for the Second Circuit.

### 1. **Issue Of First Impression** [Judicial Notice]:

> Whether the lower court(s) are legally obligated to take proper "Judicial Notice" of the provided "adjudicative facts" pursuant to Rule 201(c)(2) of the Federal Rules of Evidence as applied to the underlying action based on 18 U.S.C. §3582(c)(2) ?

### 2. **Equal Protection Clause**:

> Whether the Movant is entitled under the U.S. Constitution's Equal Protection Clause to be sentenced based upon a proper, full, and complete application of Amendment 591 to the U.S.Sentencing Guidelines including it's incumbent ex post facto analysis ?

## II. JURISDICTION

The instant action is respectfully submitted pro se pursuant to, inter alia, **Haines v. Kerner**, 404 U.S. 519, 520 (1972)(pro se pleadings to be "liberally construed"); and as set forth in **Haines**, supra:

> ", the court will look to any rule or statute by which [Movant] would be entitled to consideration."

**Id.** Accordingly, in a good faith abundance of caution, the MOvant respectfully invokes this Court's jurisdiction under 28 U.S.C. §2106 "Determination" that states this Court "may affirm, modify, vacate, set aside, or reverse any judgment, decree, or order of a court lawfully brought before it for review ..." **Id.** 18 U.S.C. §2106 (2012). See, e.g., **United States v. Jacobson**, 15 F.3d 19, 22 (2nd Cir 1994).

2.

Or, as deemed by this Court, may find it's jurisdiction under 28
U.S.C. §1651(a)[All Writs Act] for a writ of mandamus to compel
the lower court to fulfill it's duty to act under Rule 201(c)(2)
[Fed.R.Evid.]. See, e.g., **In re W.R. Huff**, 409 F.3d at 562 (2nd
**Cir**. 2005). Or, if deemed appropriate, under 28 U.S.C. §1292
"Interlocutory decisions" pursuant to, inter alia, the **Cohen** doc-
trine, **337 U.S. at 546 (1949)**.

### III. STATEMENT OF RELEVANT FACTS

In the interests of brevity, and for the narrow focus of this
action, the Movant will respectfully set forth the relevant facts
that are germane only to this action.

1. In 2002 Movant originally sentenced in E.D.N.Y. (Central
Islip)[#97-cr-1010] --- however there is no evidence preserved in the
record from the PSR, nor the extremely sparse sentencing transcripts
that the Sentencing Court properly applied, as required, Amendment
591 [U.S.S.G.]. Moreover, the instant de facto 'life sentence' for
a non-violent Marijuana conspiracy committed in 1980 [See, EXHIBIT A]
is overwhelming clear and convincing proof that the Sentencing Judge
**did not** apply Amendment 591.

2. On June 25, 2015, Movant files motion(s) [See, EXHIBIT B]:

    a) Under 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10 pur-
       suant to Amendment 591 to reduce the instant sentence.

    b) Under, inter alia, Rule 201(c)(2) of the Federal Rules
       of Evidence that requires the lower Court to take
       "judicial notice" of the adjudicative facts that were
       provided. [See, EXHIBIT B, at Page 3-4 "MOTION FOR
       JUDICIAL NOTICE"]

    c) For assignment of counsel pursuant to Rule 44 [Fed.R.
       Crim.P.]; and 18 U.S.C. §3006A.

3. On July 28, 2015, the lower court issued an Order that mis-
interprets and confuses Movant's Amendment 591 motion with a motion
under Amendment 782 pursuant to 18 U.S.C. §3582(c)(2).[See, EXHIBIT C]
**It is this Order that Movant contends is in error as to Amendment 591;
and further errors in failing to "take" proper 'judicial notice'.**

3.

*FILE COPY*

4. On August 10, 2015, Movant files motion(s):

    a) Under Rule 36 [Fed.R.Crim.P.] to correct the mistake and errors in the record pertaining to the motion filed under 18 U.S.C. §3582(c)(2) and Amendment 591.

    b) Under Rule 201(c)(2)[Fed.R.Evid.] *again* and Rule 201 [Fed.R.Crim.P.] to expand and correct the instant record pursuant to "judicial notice" of the provided 'adjudicative facts'.

    c) Motion to stay or hold in abeyance all proceedings until such time as the record has been corrected. [See, Dkt.]


## IV. RELIEF REQUESTED

Based upon the jurisdictional means determined by this Court, the Movant respectfully requests the following relief be granted:

1. Find that "judicial notice" of provided 'adjudicative facts' pursuant to Rule 201(c)(2)[Fed.R.Evid.] is appropriate in the underlying 18 U.S.C. §3582(c)(2) proceeding.

2. Issue a holding with Order in which the lower Court is instructed to comply with Rule 201(c)(2)[Fed.R.Evid.] and to "take" the requested "judicial notice" of the provided 'adjudicative facts'.

3. Hold that Movant has an Equal Protection right to a sentence analysis that includes a full and proper application of Amendment 591; and it's *ex post facto* component.

4. Any such other fair relief as to the Court is deemed proper in the interests of justice.


## V. REASONS FOR GRANTING RELIEF

The Movant respectfully avers that cogent and compelling legal reasons exist to sustain the granting of the relief requested:

1. **Due Process Right** -- where the Movant has an established Constitutional right to have the Sentencing Court be fully informed and given notice of the relevant and material adjudicative facts to be relied upon by the Court in it's Guideline Amendment 591 analysis in connection with any sentencing determinations. See, e.g., **United States v. Panico**, 308 F.2d 125, 127 (2nd Cir. 1962)("The court takes judicial notice of the entire record before the [sentencing Judge]".).

4.

FILE COPY

2. **United States v. Fatico**, 579 F.2d 707 (2nd Cir. 1978) -- where the Second Circuit ruled that judicial notice of adjudicative facts was proper in a sentencing related proceeding, albeit not an action under 18 U.S.C. §3582(c)(2); yet similar enough to sustain judicial notice in a §3582(c)(2) proceeding. *Id. Fatico* at 712-13.

3. **Federal Rules Of Evidence** -- where Rule 201(c)(2) creates a defined obligation for the lower court to take the requested judicial notice; as it states the court "shall" do so; and thus sets forth a **"duty to act"**. See, 1 Weinstein's Federal Evidence, ch. 201, Judicial Notice of Adjudicative Facts §§ 201.02, 201.30; **Oneida Indian Nation**, 691 F2d at 1086 (2nd Cir 1982) (judicial notice is proper).

4. **Erroneous View Of The Law** -- where the failure to comply with Rule 201(c)(2)[Fed.R.Evid.] and take the requested judicial notice in the underlying §3582(c)(2) proceeding manifests an **"abuse of discretion"** pursuant to an erroneous interpretation of the law [and] deprives the lower court of relevant and material facts necessary for a full and proper analysis under U.S.S.G. Amendment 591.

5. **Conclusively Resolve Important Legal Question That Is Separate From The Merits** -- where the judicial notice 'question of law' is important, yet separate from the merits of the Amendment 591 §3582(c)(2) proceeding to reduce the Movant's instant sentence. See, **Cohen**, 337 U.S. at 546 (1949)(establishing the **Cohen** Doctrine for interlocutory appeals).

6. **Substantial Constitutional Rights** -- where the Movant's Constitution based rights are implicated, including 1) Due Process of Law; 2) Ex Post Facto Clause; 3) Equal Protection Clause which all are ostensibly violated by the lower court's failure to take the requested judicial notice under Rule 201(c)(2)[Fed.R. Evid.] of the provided adjudicative facts.

   The Movant respectfully contends that **in toto** the cogent and compelling substantial legal reason(s) set forth herein sustain the granting of the requested relief.

5.

FILE COPY

## VI. CONCLUSION

This Honorable Court has the inherent authority to invoke it's jurisdiction under 28 U.S.C. §2106; or 28 U.S.C. §1651(a); or 28 U.S.C. §1292; or any other statute or means necessary to consider this novel 'question of law' regarding judicial notice within the context of a proceeding pursuant to 18 U.S.C. §3582(c)(2). Moreover, this "question of law" appears to be an "issue of first impression" for this Court, and thus creating an even stronger reason to fully address the unique legal question.

The Movant contends that judicial notice is indeed proper, as he has a due process right to have all the relevant and material adjudicative facts considered by the lower court in connection with any U.S.S.G. Amendment based analysis under §3582(c)(2) and U.S.S.G. §1B1.10 -- in this case Amendment 591.

Furthermore, it is unclear from the very sparse PSR and sentencing record if the Sentencing Judge knew he had the legal obligation and duty to conduct the mandated Amendment 591 analysis with it's required ex post facto component. In fact, the instant sentence is clear and convincing proof that the Sentencing Court did not know.

WHEREFORE, based upon the good cause and evidence adduced in this action; this Honorable Court should grant the relief requested in the fair interests of justice.

Dated: Lompoc, California
       February 17 , 2016

                                    Respectfully submitted,

                                    _Michael Vondette_
                                    Michael Vondette
                                    Movant-Appellant pro se

# EXHIBIT A

A-1

JA:BTR:br
F.#1996R0415
VondetteS2.Ind

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - -- - - - - - - X

UNITED STATES OF AMERICA

   - against -

MICHAEL J. VONDETTE,
 also known as "Glenn Titus,"
"Big Guy," "Big," "Harry,"
"Steve," and "Upstate Steve,"

         Defendant.

- - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 97-1010 (S-2) (TCP)
(T. 21, U.S.C., §§
841(b)(1)(A)(vii),
841(b)(1)(C) 846 and
853; T. 18, U.S.C.
§§ 1956(h), 982, 2
and 3551 et seq.)

THE GRAND JURY CHARGES:

### COUNT ONE
(Conspiracy to Distribute and
Possess with the Intent to Distribute)

    1.  In or about and between January 1980 and October
30, 1997, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant MICHAEL
J. VONDETTE, also known as "Glenn Titus," "Big Guy," "Big,"
"Harry," "Steve," and "Upstate Steve," after a prior conviction
for a felony drug offense had become final, together with others,
did knowingly and intentionally conspire to distribute and to
possess with intent to distribute in excess of one thousand
kilograms of hashish, in excess of one thousand kilograms of a
mixture and substance containing marijuana and methaqualone,
Schedule I controlled substances, in violation of Section

A-1

A·2

841(a)(1) of Title 21, United States Code.

(Title 21, United States Code, Sections 846,

841(b)(1)(A)(vii) and 841(b)(1)(C); Title 18, United States Code,

Sections 3551 et seq.)

## COUNT TWO
### (Conspiracy to Launder Money)

2. In or about and between October 27, 1986 and

January 30, 2000, both dates being approximate and inclusive,

within the Eastern District of New York and elsewhere, the

defendant MICHAEL J. VONDETTE, also known as "Glenn Titus," "Big

Guy," "Big," "Harry," "Steve," and "Upstate Steve," together with

others, knowing that the property involved in the financial

transactions represented the proceeds of some form of unlawful

activity, did knowingly and intentionally conspire to conduct

financial transactions affecting interstate commerce, to wit:

the transfer of currency, which transactions in fact involved the

proceeds of specified unlawful activity, to wit: distribution of

controlled substances, in violation of Title 21, United States

Code, Section 841, with the intent to promote the carrying on of

said specified unlawful activity, and knowing that the

transactions were designed in whole and in part to disguise the

ature, source, ownership and control of the proceeds of said

pecified unlawful activity, in violation of Title 18, United

tates Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

A·2

EXHIBIT B

# EXHIBIT B

B·1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP

```
------------------------------x
MICHAEL VONDETTE,              )
                              )
         Movant-Defendant,     )        Case No. 97-cr-1010
                              )
-vs-                          )
                              )
                              )
UNITED STATES OF AMERICA,      )
                              )
         Respondent-Plaintiff. )
------------------------------x
```

MOTION UNDER 18 U.S.C. §3582(c)(2)
TO REDUCE INSTANT SENTENCE PURSUANT TO
AMENDMENT 591 TO THE SENTENCING GUIDELINES [AND]
MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE
OF ADJUDICATIVE FACTS [AND] FOR ASSIGNMENT OF COUNSEL

**NOW COMES** Michael Vondette, the Movant-Defendant in the above captioned case, proceeding pro se and hereinafter ("Movant"); and respectfully submits the instant motion for reduction of sentence under 18 U.S.C. §3582(c)(2) pursuant to application of Amendment 591 to the United States Sentencing Guidelines ("Am. 591") [and] for this Court to take Judicial Notice of Adjudicative Facts [and] for assignment of counsel -- all under the penalties of perjury pursuant to 28 U.S.C. §1746; and further under **Haines v. Kerner**, **404 U.S. 519, 520-21 (1972)**(pro se pleadings to be "liberally construed").

B-1



B·2

## I. PRELIMINARY STATEMENT

Amendment 591 ("Am. 591"), made retroactive by Amendment 607, of the U.S. Sentencing Guidelines [U.S.S.G. §1B1.10] must be correctly applied to any and all Federal sentences imposed post-1987, as here (original sentence imposed in 2002). The existing sentence in this case, however, clearly failed to properly apply Am. 591 -- whereupon the instant unexplained, <u>ex post facto</u> 40-year sentence for a non-violent Marijuana conspiracy <u>committed in 1980</u> (a <u>de facto</u> 'life' sentence) is rendered remarkably lower under Am. 591. Whereby the proper application and analysis under Am. 591 renders a substantially lesser sentence than the one now in place. U.S.S.G., Title 18, Appx.; <u>United States v. Rivera</u>, 293 F.3d 584, 585 (2nd Cir. 2002).

## II. JURISDICTION

The Movant respectfully invokes this Court's jurisdiction under 18 U.S.C. §3582(c)(2); pursuant to Rule 201 of the Federal Rules of Evidence ["Judicial Notice of Adjudicative Facts"]; and Rule 44 of the Federal Criminal Code and Rules ["Right to and Assignment of Counsel"]. Fed.R.Crim.P. (2012); F.R.Evid. (2012).

The Movant further invokes this Court's inherent jurisdiction pursuant to Constitutional Due Process of law; the Ex Post Facto Clause; and the Equal Protection Clause. U.S. Const.

2.

B·2

Motion Under §3582(c)(2) - Reduce Sentence

97-cr-1010



B·3

## III. MOTION FOR JUDICIAL NOTICE

The Movant respectfully moves for this Court to take the requested "judicial notice" of the adjudicative facts provided with this motion. The Movant notes Rule 201(c) **"Taking Notice."** which states that "(A) court shall take judicial notice if requested by a party and supplied with the necessary information."; and Rule 201(d) **"Time of taking notice."** which states that "Judicial notice may be taken at any stage of the proceeding.". F.R.Evid., Rule 201 (2012).

Based upon the provided copy of the Movant's indictment, as attached hereto as Exhibit A; and public record sources "whose accuracy cannot reasonably be questioned." [Rule 201(b)] comes the following dispositive adjudicative facts:

1. **Fact** that the Movant's indictment at Count One clearly charges a Marijuana conspiracy **committed in January 1980**, as pleaded. [See, Exhibit A, copy of indictment as attached hereto]

2. **Fact** that Movant's indictment at Count One includes, as a sentencing statute, 21 U.S.C. §841(b)(1)(C); which under statutory law carries a sentence "not to exceed 20-years". See, Rule of Lenity (**Bifulco, 447 U.S. at 387 (1980)**). [See, Exhibit A, copy of the indictment as attached hereto]

3. **Fact** that Movant's indictment at Count Two charges a money laundering conspiracy under 18 U.S.C. §1956(h) **committed in October 1986** --- however, Congress does **NOT pass this law UNTIL 1992** under Public Law 102-550, §1530 ("Annunzio-Wylie Anti-Money Laundering Act") --- thus Count Two here charges an ex post facto crime that **does not yet exist.** [See, Exhibit A, at A-2; as attached hereto]

4. **Fact** that Movant's indictment at both Count One (1980) and Count two (in arguendo 1986) in this case charges offense(s) **committed before November 1, 1987.** [See, Exhibit A, as attached hereto]

5. **Fact** that offenses committed before Novemner 1, 1987 are entitled to a Federal sentence that includes the possibility of Federal Parole, and "statutory good time" under 18 U.S.C. §§ 4161 et seq; 4205 et seq. Fed.R.Crim.P.(2002); **Miller**, 482 U.S. 423 (1987).

B·3

3.

6. Fact that in **Rivera**, 293 F.3d, **supra**; the Second Circuit's con-
trolling precedent decision concerning the application of Am. 591,
the Court noted in its footnote #2, that;
> "(T)he Probation Office, and the court, used pre-
> November 1, 1989 Sentencing Guidelines to avoid an
> <u>ex post facto</u> problem under **Miller v. Florida**, 482
> U.S. 423, 96 L.Ed.2d 351, .. (1987)."

<u>Id</u>. -- to wit, that Am. 591 requires <u>ex post facto</u> analysis in
its proper application.

See, e.g., **Pani**, 152 F.3d at 75 (2nd cir 1998)(docket sheet, case re-

cords, and public records subject to judicial notice); **Hernandez-**

**Fundora**, 58 F.3d at 812 (courts to take judicial notice of adjudi-

cative facts).

## IV. RELEVANT FACTS

In the interests of brevity, and the presumption of this

Court's knowledge of this lengthy and litigious case (for example,

the Supreme Court vacated the judgment in 2005) -- the Movant will

include fact(s) germane to this motion only.

1) The indictment, as pleaded, is attached hereto including
all its incumbent error(s) -- which forms, <u>inter alia</u>, much
of the legal rationale for this Am. 591 motion.

2) The 2002 PSR noted an <u>ex post facto</u> problem; but nevertheless
failed to properly apply Am. 591 in its calculations; and
recommended a sentence of 30-years and no fine.

3) The Sentencing Court imposed a completely unexplained 40-
year sentence on Count One, and a statutory maximum 20-years
on Count Two --- and failed to properly apply Am. 591, nor
addresses the obvious <u>ex post facto</u> problem(s).

## V. RELIEF REQUESTED

The Movant respectfully requests the following relief:

1] Set forth, on the record, that this Court has indeed taken the
requested Judicial Notice of the material dispositive adjudicative
facts provided herein.

2] Set forth this Court's findings of fact and conclusions of law
based on the proper analysis required under Am. 591 in accord with
Constitutional Due Process of law.



**B·5**

3] As deemed proper, Order a new <u>de novo</u> PSR that allows the Probation Office to properly apply Am. 591 [and] explain their Am. 591 based sentencing methodology.

4] Modify and reduce Movant's instant sentence in accord with the full and proper application of Am. 591, and it's due process of law requirements; and for any such relief as deemed by the Court appropriate in the interests of fair justice.

### VI. LEGAL ARGUMENTS AND PROOF THAT AMENDMENT 591 WAS NOT APPLIED TO MOVANT'S SENTENCE [AND] THAT THIS MOTION IS THEREFORE COGNIZANT.

The Movant respectfully notes that the record in this case clearly establishes that Am. 591 was not applied to determine the Movant's sentence. [See, Exhibit A, copy of indictment] See, e.g., 2002 PSR. The Court in <u>Rivera</u>, 293 F.3d at 585-86, supra; set forth the proper application protocols of Am. 591 for a proposed sentence in accord with due process of law. The <u>Rivera</u> Court further established that <u>ex post facto</u> analysis is integral to the calculus necessary to properly implement Am. 591. See, <u>Rivera</u>, 293 F.3d at fn #2. The Court also noted "distinct steps taken to arrive at a [proper] sentence:"; which are required to be followed. <u>Id</u>. at 585. The proper steps to be followed are as follows:

(1) Determine and identify the specific 'crime of conviction', as pleaded, devoid of any judicial factfinding.

(2) Determine when the crime of conviction was committed, as pleaded, devoid of any judicial factfinding.

(3) Conduct <u>ex post facto</u> analysis as to proper sentencing scheme and methodology, as applied to committed crimes.

(4) Subsequent to first three(3) mandates, if applicable, determine from "Statutory Index (Appendix A)" [U.S.S.G.] an initial selection of the 'offense guideline based solely on the offense of conviction.

<u>Id</u>.; see also, Amendment 591, USSG (2002). In this case, **neither** the Government, **nor** the PSR, **nor** the Court properly implemented Am. 591.

**B·5**

Motion Under §3582(c)(2) - Reduce Sentence

97-cr-1010

B·6

## A. Clear And Explicit Evidence Establishes Failure To Apply Am. 591 To Movant's Sentence.

The material facts are clear and irrefutable, as _inter alia_ pleaded on the face of Movant's indictment [See, Exhibit A] -- that Am. 591 was not applied in this case. The incontrovertible proof that Am. 591 was not implemented is as follows:

1. **Brady** Violation -- because had Am. 591 been properly applied, then the Government would have been forced to meet its Constitutional obligation to disclose the dispositive **exculpatory** evidence that pro se Movant's crime(s) were committed **BEFORE** November 1, 1987 -vs- the post-1987 based U.S.S.G. methodology used. [See, Exhibit A] **Brady v. Maryland**, 373 U.S. 83 (1963).

2. **Ex Post Facto** Clause Violation -- because had Am. 591 analysis been properly conducted, then the Sentencing Court would have known that the Count One Marijuana conspiracy is **committed** in January of **1980**; and thus subject to 1980 U.S.Code statutory law based sentencing methodology. **United States v. Peugh**, 569 U.S. ____, 133 S.Ct. 2072, 2085-87 (2013); **Miller**, 482 U.S., supra. [See, Exhibit A]

3. **Equal Protection** Clause and **Due Process** Violation(s) -- because had Am. 591 been properly applied, then Movant would not have been **denied his Constitutional right(s)** to a) Federal Parole considerations and b) Statutory Good-Time (18 U.S.C. §§ 4161 _et seq_, 4205 _et seq_) based on crimes committed before November 1, 1987. **Weaver v. Graham**, 450 U.S. 24, 33-35 (1981).

4. **Rule of Lenity** Violations -- whereby pursuant to a mere cursory analysis under Am. 591, the remarkably ambiguous charges pleaded in the confusing indictment would have been exposed. Count One conflates bogus multiple conspiracies with alleged 'controlled substances' that **do not even exist** [See, Count One, and its "marijuana mixed with methaqualone"]; and further includes multiple conflicting **different sentencing schemes** [See, Count One, 21 U.S.C. §§ (b)(1)(C) [and] (b)(1)(A)]. Count Two, as noted supra, charges a money laundering conspiracy crime that **does not yet exist** [See, Judicial Notice at #3, supra]; and was allegedly committed in 1986. Thus, the most rudimentary Am. 591 analysis and review, had it been conducted, would have compelled the Sentencing Court to apply, inter alia, the Rule of Lenity. **Bifulco v. United States**, 447 U.S. 381, 387 (1980); **United States v. McGee**, 553 F.3d 225, 228-29 (2nd Cir 2009) (Rule of Lenity applies to §3582(c)(2) motions).

6.

B·6

B·7

Accordingly, a simple review of Movant's indictment, as compared to the ex post facto 40-year sentence (a de facto 'life' sentence) imposed, establishes irrefutable proof that Am. 591 was not applied in the original sentence. [See, Exhibit A]   In Eubanks v. United States, 2005 U.S.Dist. LEXIS 16712 (SDNY) that Court noted:

> "Amendment 591 is therefore only pertinent in considering the court's determination of the applicable sentencing guideline."

Id. (emphasis added).   Therefore here, based on a proper application of Am. 591; there is no U.S.S.Guidelines legally appropriate for Movant's sentence scheme/methodology -- and thus proper compliance with Am. 591 pursuant to §3582(c)(2) renders a lower sentence.

### B. Failure To Apply Am. 591 To Movant's Sentence Is Fundamental Sentencing Error.

As noted supra, Am. 591 is mandatory for all sentences imposed pursuant to the post-1987 Federal sentencing scheme and methodology.  18 U.S.C. §3553(a); 28 U.S.C. §994; Sentencing Reform Act ("SRA").   Therefore, when the Government, the Probation Office, and the Sentencing Court all fail to comply with Am. 591 mandates, as in this case, it manifests "fundamental sentencing error".  See, United States v. Juwa, 508 F.3d 694, 700 (2nd Cir 2007)(confusion as to sentencing court's determinations rendered the sentence 'procedurally unreasonable').  Indeed, due process of law is not discretionary; and the failure to apply Am. 591 on Movant's sentence is so procedurally flawed that it effectively establishes a "fundamental miscarriage of justice" -- in addition to other material errors including, inter alia, the following:

7.

B·7

B·8

File (a?)

1] **Erroneous View Of The Law** -- whereby ex post facto/due process
   law is clearly established, and the failure of the Sentencing
   Court to apply Am. 591 within an ex post facto context is
   "plain error"; particularly considering Movant's indictment
   on its face, with the clearly pleaded pre-1987 crimes.
   [See, Exhibit A] **Miller**, 482 U.S., supra; **Peugh**, 569 U.S.,
   supra.

2] **Clearly Erroneous Assessment Of The Facts** -- whereby the ma-
   terial facts are very clear, as pleaded in the indictment
   [See, Exhibit A]; with Count One '**committed**' in 1980, and
   thus subject to 1980 U.S. Code based sentencing scheme/
   methodology [and] Count Two as completely illegal and ex
   post facto --- thus the Sentencing Court's failure to apply
   Am. 591 and ascertain the material facts correctly is
   "clearly erroneous".

3] **Unconstitutional Sentence That Is Impermissible** -- whereby the
   Constitution's Ex Post facto Clause, Equal Protection Clause,
   and Due Process Clause are all violated due to the Sentencing
   Court's failure here to properly apply Am. 591; as the Mo-
   vant has a Constitutional right to be sentenced with a possi-
   bility for Federal Parole [and] Statutory Good Time [18 U.S.C.
   §§ 4161 et seq, 4205 et seq] based on pre-1987 crimes, as
   pleaded in the indictment [See, Exhibit A]. **Miller**, 482 U.S.,
   supra; **Peugh**, 569 U.S., supra.

4] **Misinterpretation/Misapplication Of U.S.S.Guidelines** -- whereby
   the Sentencing Court's failure to apply Am. 591 led to the
   Judge's erroneous use of the post-1987 U.S.S.G. to invent
   an illegal sentence; when under ex post facto/equal protection/
   due process law the Judge was precluded from using these
   Guidelines --- thus the Sentencing Judge is guilty of a
   Constitutional mis-apprehension of the proper sentencing
   scheme and methodology applicable to Movant's crimes.

5] **Outside Heartland Application And Atypical** -- whereby a con-
   spiracy 'committed' in 1980, Count One here, is "outside the
   heartland application" of the post-1987 U.S.S.Guidelines [and]
   an §846 crime committed in 1980, as here, is "atypical" of
   any §846 offense appropriate to the post-1987 U.S.S.Guide-
   lines --- and the Sentencing Court's failure to, inter alia,
   apply Am. 591 made it impossible for the Judge to notice
   this error.

   Consequently, in toto, the Sentencing Court's failure to comply

with Am. 591 and it's required analysis has resulted in 'fundamen-

tal sentencing error'; and arguably manifests a clear "miscarriage

of justice" --- now correctable by this Court under §3582(c)(2).

**B·8**

8.



B·9

## VII. CONCLUSION

The Court in **Rivera** established that <u>ex post facto</u> review and analysis is an integral required part of Am. 591 calculus [and] the **McGee** Court similarly found that the Rule of Lenity is appropriate in Am. 591 applications. **Rivera**, 293 F.3d, supra; **McGee**, 553 F.3d, supra. See also, **Miller**, 482 U.S., supra; **Peugh**, 569 U.s., supra.

Neither the Government, nor the Sentencing Court can point to or produce any evidence from the sentencing record that Am. 591 was properly applied to Movant's sentencing methodology. This very lack of material evidence is overwhelming proof that Am. 591 was not previously complied with in this case.

Therefore, the full and proper application here of Am. 591 under 18 U.S.C. §3582(c)(2) renders a lesser sentence.

**WHEREFORE**, based on the good cause and evidence adduced herein, this Honorable Court should grant the relief as requested as deemed proper in the interests of fair justice.


Dated: Lompoc, California
June 25, 2015

Respectfully submitted,

Michael Vondette
FCI-Med.; #50936198
3901 Klein Blvd.
Lompoc, CA 93436

B·9

Motion Under §3582(c)(2) - Reduce Sentence                     97-cr-1010

EXHIBIT C

# EXHIBIT C

C·1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILE COPY

------------------------------------X

UNITED STATES OF AMERICA

                – against –

MICHAEL VONDETTE,

              *Defendant.*

ORDER
97 CR 1010 (JFB)

------------------------------------X

JOSEPH F. BIANCO, District Judge:

      By motion filed June 29, 2015, defendant Michael Vondette seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (Amendment 782, effective November 1, 2014).

      Within 30 days of the date of this Order, the Probation Department shall prepare an addendum for the Court reflecting the amended Guideline range and an analysis as to whether Mr. Vondette is eligible for relief. Moreover, the addendum should include Bureau of Prisons SENTRY date pertaining to the inmate's disciplinary record, work history, and educational data. Within 45 days of the date of this Order, the Government or Mr. Vondette may file a response to the addendum.

                              SO ORDERED.

                              JOSEPH F. BIANCO
                              UNITED STATES DISTRICT JUDGE

Dated:      July 28, 2015
             Central Islip, New York

C·1

United States Court Of Appeals
For The Second Circuit
CHIEF JUDGE [and] CLERK OF COURT                     [March 03, 2016]
40 Foley Square
New York, N.Y.  10007

                Re: Vondette v. U.S.; #15-3821; Rule(s) 60(a); 60(b)(1)
                    **RELIEF FROM A JUDGMENT OR ORDER**

Dear Circuit Court,

        Enclosed please find the following documents:

1. AFFIDAVIT OF MOVANT MICHAEL VONDETTE AS TO CIRCUIT CLERK'S FAILURE TO
   PROVIDE PROPER SERVICE, NOR PROPER NOTICE IN THIS ACTION.

2. MOTION INFORMATION STATEMENT.

3. RELIEF FROM A JUDGMENT OR ORDER

        MOTION TO REINSTATE THIS COURT'S JURISDICTION OVER THE INSTANT ACTION:
        DUE TO COURT CLERK MISTAKE(S), PURSUANT TO RULE 60(a), OR RULE 60(b)(1)
        OF THE FEDERAL RULES OF CIVIL PROCEDURE.

4. CERTIFICATION OF SERVICE.

5. ATTACHMENT A -- which includes copy of action filed by the Movant on February
        17, 2016 (with Exhibits).

        Kindly date-stamp as docketed pursuant to the Court's Rules at your first
convenience.  Rule 25(a)(4)[Fed.R.App.P.]

        Thank you for your time and consideration in this matter.


                                        Respectfully submitted,



                                        Michael Vondette
                                        Movant pro se
                                        FCI-Med.; #50936198
                                        3901 Klein Blvd.
                                        Lompoc, CA  93436

CATHERINE O'HAGAN WOLFE
Clerk Of The Court
UNITED STATES COURT OF APPEALS

◇ 50936-198 ◇
Appeals Court United States
40 Foley SQ
For The Second Circuit
NEW YORK, NY 10007
United States



